**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION**



Clerk, U.S. District Court
District Of Montana
Helena

|  |  |  |
|---|---|---|
| PACIFIC NORTHWEST SOLAR, LLC, | ) ) ) | Case No.: CV-16-114-H-SEH |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **PROTECTIVE AND CLAWBACK ORDER** |
| NORTHWESTERN CORPORATION, A DELAWARE CORPORATION D/B/A NORTHWESTERN ENERGY, | ) ) ) ) | |
| Defendant. | ) ) | |

1.     Documents to be produced by the Parties in this Action, which the Producing Party in good faith believes contain confidential, proprietary, and/or sensitive business information such as financial, accounting, operational and critical energy infrastructure information shall be stamped "CONFIDENTIAL," followed by a Bates number, and shall be subject to this Order.

2.     Documents marked "CONFIDENTIAL" will be used only in connection with this Action, and except as provided herein shall not be given to other persons or other entities without the written permission of the Producing Party.

Persons obtaining access to CONFIDENTIAL Documents under this Order shall use the information only for preparation and trial or appeal of this litigation.

3. Documents marked or designated "CONFIDENTIAL" may be disclosed only to:

a. The Judge, Magistrate Judge and court personnel. All parties understand that all documents relied upon by the Court in resolving any issue before the Court, including documents filed under seal, will be made public contemporaneously with the Court's ruling on the issue;

b. The Parties in this Action and their Counsel who are actively engaged in the conduct of this litigation and their staff;

c. Any witness in this Action provided that counsel has a good faith belief that the document reasonably relates to the potential testimony of such witness;

d. Outside consultants or experts retained for the purpose of assisting counsel in the litigation; and

e. Any other person designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

4. After receiving a deposition transcript, a party may designate as "CONFIDENTIAL" those pages of the transcript which discuss documents previously marked as "CONFIDENTIAL" pursuant to this Order. If no party or

deponent designates confidential information in a deposition within thirty (30) days after receipt of the deposition, then none of the transcript will be treated as confidential; if a timely designation is made, if filed in the Court's record the confidential portions may be redacted pursuant to L.R. 26.4(b) but may not be filed under seal.

5. Within sixty (60) days after the termination of this litigation, all materials designated as CONFIDENTIAL, including all copies made for the Party's own use or shared with experts or consultants, shall be returned to counsel for the Producing Party, or, alternatively, counsel for the recipient(s) of CONFIDENTIAL materials shall certify in writing that said materials have been destroyed.

6. If any Documents designated as CONFIDENTIAL are inadvertently disclosed to persons other than those identified in Paragraph 3 above, the Requesting Party who received the Protected Documents in the first instance shall promptly notify the Producing Party of the inadvertent disclosure in writing, and make every reasonable effort to prevent further unauthorized disclosure by attempting to promptly retrieve all copies of the Documents containing Protected Documents from the unauthorized recipients thereof and securing the agreement of the unauthorized recipients not to further disseminate the Protected Documents in any form. Compliance with the foregoing shall not prevent a Party from seeking further relief from the Court.

7. The inadvertent production of a privileged document by any Party will not operate as a waiver of any applicable privilege of the disclosed document or any related subject matter in this litigation or in any other court, administrative action, investigation, or legal proceeding.

8. A Party who realizes that it has produced or received a Disclosed Privileged Document shall, as soon as practicable, (i) notify, in writing, all other Parties and/or other persons producing or receiving such information that disclosure was made, (ii) identify the Document(s) disclosed, (iii) make reasonable efforts to retrieve all copies of and prevent further disclosure of the Disclosed Privileged Documents, and (iv) refrain from using or further disclosing the Disclosed Privileged Document (including, but not limited to, using the information in depositions or at trial). Any person or entity bound by the terms of this Protective and Clawback Order receiving notice that Disclosed Privileged Information has been produced shall, within three (3) business days, return, destroy, sequester, or delete all copies of the Disclosed Privileged Document, as well as any abstracts, charts, memoranda, notes, summaries, compilations, or indices of same, and provide a representation of Counsel that all such information has been returned, destroyed, sequestered, or deleted. To the extent the claim of Privilege is disputed, the Parties shall meet and confer to resolve any such dispute, and in the event such dispute cannot be resolved, the Party receiving such information may promptly present the information to the

Court, under seal, pursuant to the Local Rules of this Court, and seek such further relief from the Court regarding the claim of Privilege. The Party receiving such information shall not use in any way (including, but not limited to, using the information at depositions or at trial) or disclose to any person the Disclosed Privileged Information until the claim of Privilege is resolved either by agreement of the Parties or by the Court. The Party claiming the Privilege shall preserve the Disclosed Privileged Information until the claim of Privilege is resolved either by agreement of the Parties or by the Court. The Parties contemplate that the Documents that may be requested or produced in this case may be voluminous and may be produced in this Action without a full and complete Privilege review.

9.      The terms, conditions, and limitations of this Order may be modified, changed or eliminated by further Order of Court if necessary or appropriate.

IT IS SO ORDERED.

DATED this _6th_ day of March, 2018.

Sam E. Haddon
United States District Judge