# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| PACIFIC NORTHWEST SOLAR, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> NORTHWESTERN CORPORATION, A DELAWARE CORPORATION DBA NORTHWESTERN ENERGY, <br><br> Defendant. | CV 16-114-H-SEH-JTJ <br><br><br> **ORDER** |

Defendant Northwestern Corporation (Northwestern) filed a motion to compel discovery on May 17, 2018, seeking a number of documents from Plaintiff Pacific Northwest Solar, LLC (Pacific). The parties attempted to resolve the motion without the assistance of the Court. The parties were unable to resolve all of the issues presented in the motion. The parties submitted a joint status report to United States District Judge Sam E. Haddon on October 10, 2018. (Doc. 110). The status report identified the issues that had been resolved and the issues that would require the assistance of the Court to resolve. *Id*.

Judge Haddon referred the motion to compel to the undersigned on October 16, 2018, under 28 U.S.C. § 636(b)(1)(A) for the purpose of a making "a final determination o[n] all . . . unresolved issues." (Doc. 111). The Court conducted a hearing on the motion on October 24, 2018.

Northwestern argued that Pacific should be required to produce (in unredacted form) all documents that had been exchanged between itself and entities interested in purchasing the "Four Projects" at issue in this case. (Doc. 119 at 12). Northwestern stated that the documents it sought included the following five categories of documents:

    a.    Construction costs for the Moore's Hallow Solar Project;

    b.    An unredacted copy of the Services Agreement (PNW0013257-PNW0013268) that covers the Four Projects at issue in this case;

    c.    Unredacted copies of the Membership Interest Agreement that appears to cover two of the three projects sold for a Developer's Fee (PNW0014333-PNW0014393);

    d.    All other documents and communications with other persons or firms who were interested in purchasing and/or financing the Four Projects at issue which have heretofore not been produced; and

    e.    All unredacted Development Services Agreements and other documents relating to the eight Development Services Agreement projects that were developed by Pacific but not sold for a development fee.

(Doc. 119 at 12). Pacific stated that no documents described in category "a" actually exist. The Court accepts this assertion by Pacific's counsel as true. Pacific stated that, to

its knowledge, all of the documents described in category "d" have been produced to Northwestern. The Court accepts this assertion by Pacific's counsel as true. Pacific stated that the production of documents described in categories "b," "c" and "e" is a complex matter because Pacific must obtain some of the documents from third-party entities with whom it had business dealings, and all of the documents are covered by non-disclosure agreements that prohibit disclosure without the consent of both parties to the non-disclosure agreements.

The Court finds that both parties have acted in good faith with respect to the present motion. Having fully considered this matter,

IT IS ORDERED:

1. Northwestern's Motion to Compel Discovery (Doc. 89) is granted to the following extent:

    a. Pacific shall obtain and produce to Northwestern on or before November 9, 2018, in unredacted form, all of the documents described above as category b, c and d documents.

    b. Pacific shall promptly provide a copy of this Order to all third-party entities who possess a privacy interest in any documents described in categories b, c, and d. Pacific shall also provide a proposed Protective Order to these third-party entities for their

consideration. The proposed Protective Order shall be designed to place appropriate restrictions on the use and dissemination of confidential documents made available to Northwestern in this case.

c. Any third party entity who objects to the disclosure of documents to Northwestern despite an appropriate Protective Order may on or before November 9, 2018, at its option, submit a brief to this Court describing its objection.

DATED this 25th day of October, 2018.

John Johnston
United States Magistrate Judge