# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| PACIFIC NORTHWEST SOLAR, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> NORTHWESTERN CORPORATION, A DELAWARE CORPORATION DBA NORTHWESTERN ENERGY, <br><br> Defendant. | CV 16-114-H-SEH-JTJ <br><br><br> **AMENDED ORDER** |

Defendant Northwestern Corporation (Northwestern) filed a motion to compel discovery on May 17, 2018, seeking a number of documents from Plaintiff Pacific Northwest Solar, LLC (Pacific). The parties attempted to resolve the motion without the assistance of the Court. The parties were unable to resolve all of the issues presented in the motion. The parties submitted a joint status report to United States District Judge Sam E. Haddon on October 10, 2018. (Doc. 110). The status report identified the issues that had been resolved and the issues that would require the assistance of the Court to resolve. *Id*.

Judge Haddon referred the motion to compel to the undersigned on October 16, 2018, under 28 U.S.C. § 636(b)(1)(A) for the purpose of a making "a final determination o[n] all . . . unresolved issues." (Doc. 111). The Court conducted a

hearing on the motion on October 24, 2018.

Northwestern argued that Pacific should be required to produce (in unredacted form) all documents that had been exchanged between itself and entities interested in purchasing the "Four Projects" at issue in this case. (Doc. 119 at 12). Northwestern stated that the documents it sought included the following five categories of documents:

> a. Construction costs for the Moore's Hallow Solar Project;
>
> b. An unredacted copy of the Services Agreement (PNW0013257-PNW0013268) that covers the Four Projects at issue in this case;
>
> c. Unredacted copies of the Membership Interest Agreement that appears to cover two of the three projects sold for a Developer's Fee (PNW0014333-PNW0014393);
>
> d. All other documents and communications with other persons or firms who were interested in purchasing and/or financing the Four Projects at issue which have heretofore not been produced; and
>
> e. All unredacted Development Services Agreements and other documents relating to the eight Development Services Agreement projects that were developed by Pacific but not sold for a development fee.

(Doc. 119 at 12).

Pacific stated that no documents described in category "a" actually exist. The Court accepts this assertion by Pacific's counsel as true. Pacific stated that, to its knowledge, all of the documents described in category "d" have been produced to Northwestern. The Court accepts this assertion by Pacific's counsel as true. Pacific stated that the production of documents described in categories "b," "c" and "e" is a complex matter because Pacific must obtain some of the documents from third-party entities with whom it had business dealings, and all of the documents are covered by non-disclosure agreements that prohibit disclosure without the consent of both parties to the non-disclosure agreements.

The Court finds that both parties have acted in good faith with respect to the present motion. Having fully considered this matter,

IT IS ORDERED:

1. Northwestern's Motion to Compel Discovery (Doc. 89) is granted to the following extent:

>   a. On or before November 9, 2018, Pacific shall produce to Northwestern all of the documents in its possession described above in category b, c and e in unredacted form. These documents shall be subject to the Court's March 6, 2018 Protective and Clawback Order (Doc. 87).

b. Pacific shall promptly provide a copy of this Order to all third-parties who claim an interest in any of the documents to be produced pursuant to a non-disclosure agreement they have with Pacific. Pacific also shall provide the Court's March 6, 2018 Protective and Clawback Order (Doc. 87) to the third-parties.

c. Any third party who objects to Pacific's production of the documents to Northwestern despite the Court's March 6, 2018 Protective and Clawback Order (Doc. 87) may, on or before November 9, 2018, submit a brief to this Court describing its objection to this Order.

DATED this 25th day of October, 2018.

John Johnston
United States Magistrate Judge