FILED

7/8/2019

Clerk, U.S. District Court
District of Montana
Helena Division

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| PACIFIC NORTHWEST SOLAR, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>NORTHWESTERN CORPORATION, A DELAWARE CORPORATION DBA NORTHWESTERN ENERGY,<br><br>Defendant. | No. CV-16-114-H-SEH<br><br>ORDER |

A hearing on (1) Plaintiff's Motion for Reconsideration of the Court's Preliminary Ruling on the Admissibility of Discovery[1]; (2) NWE Motion *in Limine* to Exclude Evidence of NorthWestern Corporation's Contractual and

---

[1] Doc. 230.

Business Relationships with Other Solar Developers[2]; (3) Defendant's Motion *in Limine* to Exclude Previously Undisclosed Evidence of Developer's Fees Received by Pacific Northwest Solar[3]; (4) Plaintiff's Motion in Limine Re: NWE's State of Mind[4]; and (5) Plaintiff's Motion in Limine Re: NWE's Undisclosed Documents and Untimely Discovery[5] was held on July 3, 2019.[6]

Upon the record made in open court,

ORDERED:

1. Plaintiff's Motion for Reconsideration of the Court's Preliminary Ruling on the Admissibility of Discovery[7] is DENIED.

2. NWE Motion *in Limine* to Exclude Evidence of NorthWestern Corporation's Contractual and Business Relationships with Other Solar

---

[2] Doc. 235.

[3] Doc. 239.

[4] Doc. 241.

[5] Doc. 243.

[6] An order resolving Defendant's Motion *in Limine* to Preclude the Plaintiff from Characterizing NorthWestern Corporation's Conduct as Being Fraudulent or in Bad Faith (Doc. 233) and Defendant NorthWestern Corporation's Second Motion *in Limine* to Exclude Trial Testimony from Ryan N. Meyer (Doc. 237) was entered on June 17, 2019. *See* Doc. 252 at 1.

[7] Doc. 230.

Developers[8] is GRANTED.

3. Defendant's Revised First Set of Interrogatories No. 7 states: "State the amount of any developer fee you have received for each solar project you have successfully developed and sold since January 1, 2015."[9]

(a) Plaintiff shall file and serve a revised answer to Interrogatory No. 7 on or before July 10, 2019, which will identify: (1) each project, by name or title, within the ambit of the request; (2) the specific dollar amount received by Pacific Northwest Solar, LLC as developer fees for each project identified; and (3) the date or dates upon which such developer fees were paid to Pacific Northwest Solar, LLC.

(b) The Court will further address issues presented by Defendant's Motion *in Limine* to Exclude Previously Undisclosed Evidence of Developer's Fees Received by Pacific Northwest Solar[10] upon receipt and filing of the revised answer to Interrogatory No. 7.

4. (a) The Court by separate order will set and conduct, on the record in

---

[8] Doc. 235.

[9] Doc. 240-2 at 3.

[10] Doc. 239.

advance of trial, a hearing or hearings: (1) to address issues presented by Plaintiff's Motion in Limine Re: NWE's State of Mind[11]; and (2) to consider and determine admissibility at trial of evidence "regarding NWE's state-of-mind, motive, and/or subjective belief regarding its ability to perform under the PPAs."[12]

(b) The hearings referenced in paragraph 4(a) will be conducted in question-and-answer format, and with witnesses and evidence to be proffered to the Court, in accordance with Fed. R. Evid. 103(d), 104(a)–(c), and 106.

(c) Upon close of the evidence record, the Court may order additional hearings and briefing on "NWE's State of Mind" issues as may be necessary and appropriate. Rulings on admissibility at trial of such evidence will, if feasible, be issued in advance of trial.

(d) Counsel are to meet and confer and, on or before July 12, 2019, apprise the Court of suggested dates for conduct of the admissibility of evidence hearing or hearings referenced in paragraph 4(a).

5.     Plaintiff's Motion in Limine Re: NWE's Undisclosed Documents and

---

[11] Doc. 241.

[12] Doc. 241 at 1.

Untimely Discovery[13] was WITHDRAWN.

DATED this 8th day of July, 2019.

SAM E. HADDON
United States District Judge

---

[13] Doc. 243.