IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

PACIFIC NORTHWEST SOLAR,
LLC,

        Plaintiff,

vs.

NORTHWESTERN CORPORATION,
A DELAWARE CORPORATION
DBA NORTHWESTERN ENERGY,

        Defendant.

No. CV-16-114-H-SEH

ORDER

FILED
10/9/2019
Clerk, U.S. District Court
District of Montana
Helena Division

On May 8, 2019, the Court issued its Order[1] reciting:

> Pending before the Court are: (1) Plaintiff's Motion to Strike and Exclude NWE's Undisclosed Documents and Untimelty [*sic*] Discovery,[2] filed April 16, 2019; (2) Plaintiff's Motion in Limine Re: NWE's State of Mind,[3] filed April 16, 2019; and (3) Defendant NorthWestern Corporation's Motion *in Limine* to

---

[1] Doc. 220 at 1–3.

[2] Doc. 204.

[3] Doc. 206.

Exclude Trial Testimony from Ryan N. Meyer,[4] filed April 25, 2019.

The Court's November 15, 2017, Scheduling Order stated: "[a]ll pretrial motions, other than discovery motions, shall be filed and fully briefed on or before: January 11, 2019."[5]

No request to extend the pretrial motions deadline was sought or granted. The pending motions all were filed over three months after the fully briefed motions deadline expired.

ORDERED:

1. Plaintiff's Motion to Strike and Exclude NWE's Undisclosed Documents and Untimelty [*sic*] Discovery[6] is DENIED.

2. Plaintiff's Motion in Limine Re: NWE's State of Mind[7] is DENIED.

3. Defendant NorthWestern Corporation's Motion *in Limine* to Exclude Trial Testimony from Ryan N. Meyer[8] is DENIED.

---

[4] Doc. 211.

[5] Doc. 68 at 2–3.

[6] Doc. 204.

[7] Doc. 206.

[8] Doc. 211.

> Nothing in this Order addresses or resolves any issue relevant to questions of admissibility of evidence at trial.

The Court's Order[9] of May 8, 2019, was amended by the Court's Order[10] of May 31, 2019.

On May 31, 2019, Plaintiff filed Plaintiff's Motion in Limine Re: NWE's State of Mind[11] reciting, *inter alia*:

> Plaintiff, Pacific Northwest Solar, LLC move in limine for an order preventing the NorthWestern Corp. ("NWE") from introducing evidence or eliciting testimony regarding NWE's state-of-mind, motive, and/or subjective belief regarding its ability to perform under the PPAs.[12]

A hearing to address issues presented in Plaintiff's Motion in Limine Re: NWE's State of Mind[13] was conducted on September 11, 2019.

---

[9] Doc. 220.

[10] Doc. 245 at 10, stating in part: "Any motions *in limine* directed to remaining trial-related issues may be filed on or before **May 31, 2019**. If a motion *in limine* is filed, the opposing party shall have to and including **June 14, 2019**, to file a brief in response, at which time the motion or motions will be deemed submitted for decision."

[11] Doc. 241.

[12] Doc. 241 at 1.

[13] Doc. 241.

Additional briefs directed to each party's "position as to which components of Mr. Alke's testimony are appropriate for consideration by the Court in addressing Plaintiff's Motion in Limine Re: NWE's State of Mind and which components should be ruled to be inadmissible at trial"[14] were filed.[15]

ORDERED:

This Order supplements and memorializes rulings made on the record at the final pretrial conference on October 3, 2019, as to the scope of John Alke's testimony admissible at trial and resolves all issues raised in Plaintiff's Motion in Limine Re: NWE's State of Mind.[16]

> Mr. Alke will not be permitted to testify or to offer opinion on any legal matters, period.
>
> He will not be entitled, either directly or indirectly, to offer opinions about what actions the Public Service Commission took, beyond allowing him to state, if he would choose to do so, that the Public Service Commission made rulings, either one or a series of rulings, that suspended the QF1 tariff rate as that rate would apply to the four contracts in this case.
>
> He will not be permitted to offer testimony or opinions as to why the Public Service Commission took whatever position it took. Nor will he be permitted to testify as to a basis or rationale for the

---

[14] Doc. 274 at 2 (footnote omitted).

[15] *See* Docs. 283 and 288.

[16] Doc. 241.

Public Service Commission's actions.

And certainly he will not be permitted to testify as to Mr. Alke's opinion or the opinion of NorthWest Energy as to the legal effect of any of the rulings made by the Public Service Commission.

And I would not allow him, consequently, to talk about the facts or background upon which the Public Service Commission acted or it didn't act in reaching whatever decisions it made.

I will allow him, as we have previously discussed, to testify that the Public Service Commission made the decision, affirmed in several Orders, to suspend the QF1 rates that had been contracted between the parties and that it did so as of June 12, 2016.[17]

DATED this 9th day of October, 2019.

*Sam E. Haddon*
SAM E. HADDON
United States District Judge

---

[17] Doc. 298 at 45–46 (Final Pretrial Conference Tr., 45: 4 – 46:5, Oct. 3, 2019).