

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| PACIFIC NORTHWEST SOLAR, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>NORTHWESTERN CORPORATION, A DELAWARE CORPORATION DBA NORTHWESTERN ENERGY,<br><br>Defendant. | No. CV-16-114-H-SEH<br><br>ORDER |

Upon review of the record, the Joint Proposed Final Pretrial Order[1] submitted by the parties on March 29, 2019, is hereby amended as to form and content and is adopted as amended by the Court as the Court's Final Pretrial Order.

1. The rulings of the Court made in the Court's Orders, including:

    a. Doc. 200 at 2 (dismissed with prejudice the Second Count, Third Count, Fourth Count, and Fifth Count of Pacific Northwest Solar, LLC's First Amended Complaint).

---

[1] Doc. 182.

b. Doc. 203 at 1–2 (granted Defendant NorthWestern Corporation leave to modify and file its First Amended "Will Offer and "May Offer" Exhibits).

c. Doc. 220 at 2:

   i. denied Plaintiff's Motion to Strike and Exclude NWE's Undisclosed Documents and Untimelty [*sic*] Discovery;[2]

   ii. denied Plaintiff's Motion *in Limine* Re: NWE's State of Mind;[3] and

   iii. denied Defendant NorthWestern Corporation's Motion *in Limine* to Exclude Trial Testimony from Ryan N. Meyer.[4]

d. Doc. 227 at 6 (admitted into evidence Plaintiff's Exhibits 10, 11, 12, and 13, and admitted into evidence Defendant's Exhibits 504, 617, 623, and 650).

e. Doc. 245 at 8–9:

   i. denied admission into evidence NWE's Answer to PNS Interrogatory No. 9;

   ii. denied in part admission into evidence NWE's Answer to PNS Interrogatory No. 10;

   iii. denied in part admission into evidence NWE's Answer to PNS Interrogatory No. 11;

---

[2] Doc. 204.

[3] Doc. 206.

[4] Doc. 211.

        iv.    denied admission into evidence NWE's Answer to PNS Interrogatory No. 12;

        v.    denied in part admission into evidence NWE's Answer and Supplemental Answer to PNS Interrogatory No. 13;

        vi.    denied admission into evidence Plaintiff's Responses to Defendant's First Revised Requests for Production of Documents Nos. 1–12 and 14–16; and

        vii.    denied admission into evidence Plaintiff's Responses to Defendant's First Revised Requests for Production of Documents Nos. 13 and 17–19.

f.    Doc. 252:

        i.    granted Defendant's unopposed Motion *in Limine* to Preclude Plaintiff from Characterizing NorthWestern Corporation's Conduct as Being Fraudulent or in Bath Faith;[5] and

        ii.    granted Defendant NorthWestern Corporation's unopposed Second Motion *in Limine* to Exclude Trial Testimony from Ryan N. Meyer.[6]

g.    Doc. 257 at 2–5:

        i.    denied Plaintiff's Motion for Reconsideration of the Court's Preliminary Ruling on the Admissibility of Discovery;[7]

---

[5] Doc. 233.

[6] Doc. 237.

[7] Doc. 230.

ii. granted NWE's Motion *in Limine* to Exclude Evidence of NorthWestern Corporation's Contractual and Business Relationships with Other Solar Developers;[8] and

iii. held and confirmed that Plaintiff's Motion in Limine Re: NWE's Undisclosed Documents and Untimely Discovery[9] was withdrawn.

h. Doc. 260 at 2–3 (granted Defendant's Motion *in Limine* to Exclude Previously Undisclosed Evidence of Developer's Fees Received by Pacific Northwest Solar[10]).

i. Doc. 280 at 2 (denied admission into evidence Defendant's "Will Offer" Exhibits 508, 548, and 605).

j. Doc. 294 at 2:

i. denied admission into evidence Defendant's "Will Offer" Exhibits 543, 564, 566, 589, 596, 609, 618, 619, 620, and 629;

ii. denied admission into evidence Plaintiff's "Will Offer" Exhibits 14, 15, 16, and 17; and

iii. reserving ruling on admission into evidence Defendant's "Will Offer" Exhibits 541, 553, 570, 592, 597, 598, 599, 630, 644, 645, 646, 647, and 648.

k. Doc. 301 at 4–5; *See also* Final Pretrial Conference Tr., 45:4–46:5, Oct. 3, 2019 (ruled on scope of admissibility of John Alke testimony at trial).

---

[8] Doc. 235.

[9] Doc. 243.

[10] Doc. 239.

2. The parties' filings, including:

   a. Doc. 208 (identified Defendant's First Amended "Will Offer" and "May Offer" Exhibits).

   b. Doc. 210 at 4 (objections to Exhibit 504 withdrawn).

   c. Doc. 216 at 4 (Exhibit 30 withdrawn).

   d. Doc. 217 at 31 (Exhibit 649 withdrawn).

   e. Doc. 218 at 1 (Ryan N. Meyer, Esq., withdrawn as counsel).

   f. Doc. 222 at 5 (objections to Exhibits 14, 15, 16 and 17 withdrawn "so long as those exhibits are not offered for the truth of the documents contained in the project files . . . .").

   g. Doc. 228 at 1 (offer of the interrogatory answers received from Plaintiff withdrawn).

   h. Doc. 232 at 1 (Kathleen L. DeSoto Esq., withdrawn as co-counsel, Leo S. Ward, Esq., substituted in replacement).

   i. Doc. 249 at 2–6 (Exhibits 505, 506, 507, 509, 510, 511, 512, 513, 514, 515, 516, 517, 518, 519, 520, 521, 525, 527, 528, 529, 531, 532, 533, 534, 535, 536, 537, 538, 544, 545, 550, 551, 552, 554, 555, 556, 560, 561, 562, 563, 565, 569, 571, 572, 573, 574, 575, 577, 578, 579, 580, 582, 584, 593, 594, 595, 600, 602, 606, 608, 610, 611, 612, 621, 622, 624, 625, 626, 627, 628, 631, 632, 633, 634, 635, 636, 637, 638, 639, 640, 641, 642, and 643 withdrawn).

   j. Doc. 263 at 63 (Lack of Reliance, Truth, Statement of Future Intent, Intervening/Superseding Cause, and Failure to Mitigate withdrawn as affirmative defenses).

k. Doc. 289 at 2 (the parties' statement of 7 days' trial time).

l. Doc. 295 at 2 (stipulation "that for purposes of the Four Power Purchase Agreements . . . both Parties were 'persons capable of contracting'").

3. The rulings of the Court incorporating the parties' statements at the final pretrial conference,[11] including:

    a. Doc. 298 19:12-15:

> MR. SHAFFER [PNS Counsel]: My understanding is that Al Brogan is not going to be capable of appearing, so I think that, Your Honor, you could strike him from the list.
>
> THE COURT: Mr. Brogan's name can be stricken.

///

///

///

---

[11] Doc. 298, Final Pretrial Conference Tr., Oct. 3, 2019.

b.  Doc. 298 20:24–21:6:

> THE COURT: What about Lou LaFave?
>
> MR. EMERSON [NWE Counsel]: We may call him, Your Honor.
>
> THE COURT: He's now moved to a 'may call' witness.
>
> MR. EMERSON [NWE Counsel]: We do not intend to call Mr. Brogan who has had some health problems.
>
> THE COURT: So from the defendant's standpoint Al Brogan may be stricken, correct?
>
> MR. EMERSON [NWE Counsel]: Yes, Your Honor.

c.  Doc. 298 22:19-20:

> THE COURT: Chelsea Loomis.
>
> MR. EMERSON [NWE Counsel]: Will not be called.

d.  Doc. 298 23:5-8:

> THE COURT: All right. Then I have, with the concurrence of counsel, removed Brogan, Bushnell, Agnew, Bentley, Hesse, Link, Schmitt, Christie, Lovell, Heinz, Fine, Rosquist, Syntax and Bossu from the "may call" list.

e. Doc. 298 31:3-19:

THE COURT: All right. Okay, I understand it. And the defendant's position is that these four--that these Orders do apply to the four contracts in this case. The position of the plaintiff is that that's a question of law, but you don't agree that they do. Am I right?

MR. SHAFFER [PNS Counsel]: That's correct, Judge.

THE COURT: All right. Well, then I'll address and resolve that question.
They do apply to the four contracts in this case; and that's the effect of the series of Orders issued by the Public Service Commission, 609, 619 and 630, do apply to the four contracts that are the contracts in issue in this particular case. And had the effect, by the plain language of the ruling of the Public Service Commission, to suspend the application of the QF1 rate to those particular contracts. I think that's as clear as the Court is capable of stating the matter.

f. Doc. 298 33:7-15:

MR. DAVIS [NWE Counsel]: Point of clarification, Judge. On the proposed redacted exhibits, 609, 610, and 630, which are the redacted versions of these Orders - -

THE COURT: And I'm not going to admit redacted versions of these for several reasons, not the least of which is that we don't have any agreement to a redacted version. And the offer was originally made in its entirety, and I do not have any stipulation to admission of a redacted version of these exhibits.

ORDERED:

Amendments to the form and content of the Joint Proposed Final Pretrial Order[12] submitted on March 29, 2019, as adopted hereby by the Court and as stated in this Order shall be considered for all purposes as accepted and incorporated into and as components of the Court's Final Pretrial Order.[13]

DATED this 1st day of November, 2019.

*Sam E Haddon*
SAM E. HADDON
United States District Judge

---

[12] Doc. 182.

[13] The revised final pretrial order will be filed separately.