# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| PACIFIC NORTHWEST SOLAR, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>NORTHWESTERN CORPORATION, A DELAWARE CORPORATION DBA NORTHWESTERN ENERGY,<br><br>Defendant. | No. CV-16-114-H-SEH<br><br>ORDER |

## INTRODUCTION

This case involves a contract dispute between Pacific Northwest Solar, LLC ("PNS") and NorthWestern Corporation ("NWE").[1] It was filed November 16, 2016,[2] and removed to this Court on January 5, 2017.[3] A Final Pretrial Order was

---

[1] *See* Doc. 314 at 1.

[2] *See* Doc. 5-2.

[3] *See* Doc. 5.

filed November 1, 2019.[4] On November 7, 2019, the case was set for trial commencing June 2, 2020.[5]

PNS has now moved for an order of dismissal with prejudice that would "permit[ ] PNS to seek full review at the Ninth Circuit Court of Appeals."[6] The asserted basis for the motion is: "With the Court holding that the PSC suspended the 'Contract Price' agreed to in the PPAs, it is now impossible for PNS to get a declaration from this Court that those PPAs – including the specific 'Contract Price' agreed to by the parties - are enforceable."[7]

On November 24, 2017, the Montana Public Service Commission ("PSC") issued an Order on Reconsideration ("Order No. 7500d"),[8] in which it declined, *inter alia*, to decide whether the PPAs at issue constituted contracts, and in which it also stated that it "still lacks authority over executed contracts under Montana law"[9] and "[a]ny dispute between [NWE] and these projects should be viewed as a

---

[4] *See* Doc. 314.

[5] *See* Doc. 322 at 1.

[6] Doc. 325 at 7.

[7] Doc. 325 at 6.

[8] *See* Doc. 75-14.

[9] Doc. 75-14 at 22.

contract issue to be resolved in the appropriate court."[10] The PSC's Notice of Commission Action and subsequent Orders 7500, 7500c, and 7500d did not "suspend[ ] the 'Contract Price' agreed to in the PPAs."[11] Rather, as a matter of PSC regulatory oversight, the QF-1 rate called for in the PPAs was suspended.[12]

## DISCUSSION

This Court cannot and will not enter any order, whether opposed or unopposed, that, in the Court's judgment is unwarranted, inappropriate, or contrary to law. PNS's pending request could not be entertained or granted absent a decision by the Court that violates the prohibitions of all three principles.

"Impossibility of performance" is now asserted by NWE in the Final Pretrial Order as one of several defenses constituting a complete defense to any obligation on its part to honor or perform the PPAs.[13] It maintains NWE is legally excused from performance of the PPAs by the PSC's Notice of Commission Action and the PSC's subsequent Orders 7500, 7500c, and 7500d.[14]

---

[10] Doc. 75-14 at 24.

[11] Doc. 325 at 6.

[12] *See* Doc. 66-2 at 18.

[13] *See* Doc. 314 at 7.

[14] *See* Doc. 263 at 8.

On the other hand, notwithstanding the PSC's Orders, PNS contends that it is entitled to have the PPAs performed and enforced according to and at the QF-1 rate agreed upon by the parties.[15] This issue of the validity of the agreed upon contract rate, together with the other defenses asserted by NWE in the Final Pretrial Order, remains unresolved and to be addressed and determined by evidence to be introduced at trial.

PNS is not precluded from pursuing its claim against NWE for breach of contract or from continuing to assert that the PPAs are enforceable as written, even if Orders issued by the PSC are said to apply to the four PPAs in this case.[16] PNS remains entitled to proceed on that issue at trial, and, other questions aside, it may, when all the trial record is complete, be shown to have proven its breach of contract claim and claim for damages as asserted in the Final Pretrial Order.[17]

Moreover, as stated above, NWE's "impossibility of performance" defense is only one of several defenses asserted in the Final Pretrial Order to the breach of

---

[15] *See* Doc. 325 at 1–2.

[16] *See* Doc. 298 at 31, Final Pretrial Conference Tr., Oct. 3, 2019.

[17] *See* Doc. 314 at 2, 6–7.

contract claim.[18] That particular defense has not yet been resolved either favorably or adversely to PNS. It remains viable and to be decided upon evidence yet to be introduced and by appropriate instructions of the Court at trial. It is inaccurate and misleading to assert that the PSC's Orders suspending the QF-1 rate "suspended the 'Contract Price' agreed to in the PPAs."[19] In the words of the PSC, "[a]ny dispute between [NWE] and these projects should be viewed as a contract issue to be resolved in the appropriate court."[20]

The several orders issued in this case to date are, by language and content, interlocutory, subject to modification or vacation if necessary or appropriate.[21] The dismissal sought by PNS, regardless of caption or label, neither addresses nor resolves issues central to the trial now set for June 2, 2020. With such unresolved

---

[18] *See* Doc. 314 at 2–3, 7–8, in which Defendant maintains as separate defenses, *inter alia*:
1. PNS's claimed damages are speculative;
2. PNS's claimed damages are excessive;
3. The contract fails due to lack of sufficient consideration;
4. NWE's performance under the PPAs was not yet due based on failure of a condition precedent; and
5. The PPAs' force majeure clause excuses NWE's performance.

[19] Doc. 325 at 6.

[20] Doc. 75-14 at 24.

[21] *See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)).

core issues remaining to be tried and still before the Court, a dismissal that would "permit[ ] PNS to seek full review at the Ninth Circuit Court of Appeals"[22] is neither procedurally nor substantively appropriate.

ORDERED:

Plaintiff's Unopposed Motion to Dismiss for the Purpose of Appeal to the Ninth Circuit Court Appeals[23] is DENIED.

DATED this 17th day of April, 2020.

*SAM E. HADDON*
United States District Judge

---

[22] Doc. 325 at 7.

[23] Doc. 324.